[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15381
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cv-00740-CEH-DNF


AKEEM MUHAMMAD,

                                              Plaintiff-Appellant,

versus

GEORGE SAPP,
D. A. COLON, et al.,

                                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 1, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Akeem Muhammad, a prisoner proceeding *pro se*, brought this civil rights suit in 2007 against four Florida Department of Corrections (DOC) employees, George Sapp, Wendel Whitehurst, James Upchurch, and James McDonough (collectively, the Department), and two correctional officers, D.A. Colon and R.J. Poccia.  Muhammad claimed the Department's enforcement of the DOC's shaving and forced-shaving policies violated his free exercise of religion under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, because a tenet of his religion required him to wear a beard.  He also claimed Colon and Poccia violated 42 U.S.C. § 1983 and his Eighth Amendment right against cruel and unusual punishment by using chemical agents on him without need or provocation and by providing him with only very hot water to rinse off the chemicals.  The district court dismissed his RLUIPA claim for failure to state a claim upon which relief may be granted, and granted summary judgment to Colon and Poccia on his Eighth Amendment claims.  Muhammad raises several issues on appeal, which we address in turn.[1]  After review, we affirm the decision

---

[1] Muhammad also argues that the district court erred by denying his motion for preliminary injunction.  The court, however, entered a final judgment denying permanent relief to Muhammad in August 2010, thus making its earlier ruling denying a preliminary injunction moot.  Accordingly, we lack jurisdiction over the temporary injunction ruling.  *See Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992) (holding that "[o]nce a final judgment is rendered, [an] appeal is properly taken from the final judgment, not the preliminary injunction").

of the district court.

## I.

Muhammad first challenges the district court's dismissal of his RLUIPA claims for failure to state a claim upon which relief may be granted.  This court reviews *de novo* the district court's grant of a motion to dismiss for failure to state a claim.  *F.T.C. v. Watson Pharmaceuticals, Inc.*, 677 F.3d 1298, 1306 (11th Cir. 2012) (citation omitted).  In doing so, we accept the allegations in the complaint as true and construe them "in the light most favorable to the plaintiff."  *Id.*  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1249 (2009).  *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Section 3 of RLUIPA provides, in relevant part, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person-- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling

3

governmental interest." 42 U.S.C. § 2000cc-1(a). The Supreme Court has noted that when Congress implemented RLUIPA, it sought to "secure redress for inmates who encountered undue barriers to their religious observances," and it "carried over from [the Religious Freedom Restoration Act (RFRA)] the compelling governmental interest/least restrictive means standard." *Cutter v. Wilkinson*, 125 S. Ct. 2113, 2119 (2005) (quotation omitted).

While this court has not addressed whether the Florida DOC's shaving and forced-shaving policies violate an inmate's rights under RLUIPA, we have addressed identical regulations on the merits under RLUIPA's predecessor, RFRA, and under the First Amendment. In these cases, we concluded prison shaving regulations are enforceable under the compelling governmental interest/least restrictive means test.

The district court did not abuse its discretion by dismissing Muhammad's RLUIPA claim for failure to state a claim because, even assuming the facts alleged in the complaint were true, our precedent foreclosed his claim. We specifically held in *Harris v. Chapman* that a Florida prison regulation requiring inmates to keep their hair cut short and to be clean shaven, absent a medical waiver, satisfied the compelling government interest and least restrictive means test under RFRA. *Harris v. Chapman*, 97 F.3d 499, 504 (11th Cir. 1006) (citing Fla. Admin. Code

4

33-3.002(11) (1989)). Muhammad challenges an almost identical Florida prison regulation in this appeal. *See* Fla. Admin. Code 33-602.101(4) (providing that male inmates must keep their hair cut short and must be clean shaven, absent a medical diagnosis indicating that shaving would be detrimental to the inmate's health). Because RLUIPA carried over from RFRA the compelling government interest/least restrictive means test, *Harris* forecloses Muhammad's claims under RLUIPA. Therefore, because RLUIPA provides no relief to Muhammad on his challenge to the shaving policies, the district court properly dismissed Muhammad's RLUIPA claim for failure to state a claim upon which relief may be granted.[2]

## II.

Muhammad also contends the district court erred in granting summary judgment in favor of Colon and Poccia on his Eighth Amendment claims because genuine issues of material fact remained.[3] We review a district court's grant of

---

[2] Muhammad also argues on appeal that *res judicata* precludes this conclusion, but because he raises that argument for the first time on appeal, we decline to address it. *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).

[3] Muhammad further contends the district court erroneously considered unsworn prison reports and the testimony of doctors which was based entirely on hearsay. Generally, inadmissible hearsay cannot be considered on a motion for summary judgment. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (citation and quotation omitted). Nevertheless, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id.* at 1323 (quotations omitted). Therefore, the district court did not err by considering affidavits from prison doctors and

summary judgment *de novo*, applying the same legal standard used by the district court and drawing all factual inferences in the light most favorable to the non-moving party. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Once the moving party meets its burden of production, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Id.* (citation omitted).

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm. *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). Although the extent of the injury is a relevant factor in determining the amount of force applied, it is not solely determinative of an Eighth Amendment claim. *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010).

A.    *Officer Colon*

---

various unsworn prison records because that evidence could have been reduced to admissible evidence at trial.

6

The record supports the district court's conclusion that the alleged use of force by Colon was not carried out maliciously and sadistically to cause harm. *Skrtich*, 280 F.3d at 1300.  Viewing the evidence in the light most favorable to Muhammad, Colon applied force to Muhammad because Muhammad declined to shave.  However, Colon was authorized to use force to enforce the prison's shaving policy.  Therefore, although the parties disputed why Colon applied force, that dispute is not material, because it did not have the potential to change the outcome of the case.  *Zaben v. Air Products & Chemicals*, 129 F.3d 1453, 1455 (11th Cir. 1997) ("A fact is material only when the dispute over it has the potential to change the outcome of the lawsuit under the governing law if found favorably to the nonmovant.").

Moreover, although Muhammad asserted Colon refused to provide him with cold water to rinse off the chemical agents, he also admitted in his deposition that he did not know if Colon actually had control over the water temperature.  Colon himself testified the water temperature in the shower was regulated by the maintenance department.  Furthermore, testimony from the prison doctor supported Colon's testimony that he did not apply excessive force, as the doctor determined Muhammad suffered only from some initial pain and discomfort.  *See Wilkins*, 130 S. Ct. at 1178-79.  Accordingly, the district court did not err by

7

granting summary judgment in favor of Colon.

B.    *Officer Poccia*

Likewise, the district court did not err by granting summary judgment in favor of Poccia. As in Colon's case, viewing the evidence in the light most favorable to Muhammad, Poccia applied force to Muhammad because he declined to shave. Nevertheless, as mentioned above, Poccia was authorized to use force to enforce the prison's shaving policy. Despite Muhammad's testimony in his affidavit that, just before Poccia applied force, he told Poccia he was willing to shave, Muhammad presented no other evidence to support his assertion that he articulated a willingness to shave, and thus, his affidavit constituted only a "scintilla" of evidence supporting that position. *Brooks v. County Com'n of Jefferson County, Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).

Although some evidence suggested Poccia stated, "eww that looks painful," and that Muhammad had not "learned his lesson" while Muhammad was being sprayed with chemicals, that evidence, without more, does not demonstrate Poccia ordered the use of chemical spray maliciously or sadistically. Muhammad admitted Poccia was not laughing when he made those comments. The district court reasonably concluded Poccia was merely stating facts and not "taunting"

8

Muhammad.  Furthermore, the evidence demonstrated that Poccia, like Colon, did not have control over the water temperature in the shower.  Overall, Muhammad failed to present sufficient evidence to rebut Poccia's showing that he did not apply force maliciously or sadistically.  Therefore, the district court did not err by granting summary judgment in favor of Poccia.

## III.

Muhammad also argues the district court abused its discretion in denying his motion for leave to amend his complaint to add at least ten defendants and clarify his allegations.  We review a district court's denial of leave to amend a complaint for abuse of discretion.  *Reese v. Herbert*, 527 F.3d 1253, 1262 n.13 (11th Cir. 2008).  Although leave to amend is freely given when justice so requires, it is not an automatic right.  *Id.* at 1263.  A district court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment."  *Id.*

The district court did not abuse its discretion in denying Muhammad's motion to amend his complaint.  The motion for leave to amend followed Colon and Poccia's motion for summary judgment and was filed approximately four months after the close of discovery and three months after the deadline for filing

9

dispositive motions.  Accordingly, granting the motion would have unduly burdened Colon and Poccia, because they would not have been able to conduct further discovery.  *Reese*, 527 F.3d at 1263.  In addition, Muhammad had previous opportunities to amend his complaint, but he failed to follow the district court's order and, as a result, his previous amended complaints were stricken.  Thus, the district court did not abuse its discretion by refusing to give Muhammad a third opportunity to amend.

## IV.

Muhammad further argues the district court erred by refusing to rule on his Rule 72(a) objections to a magistrate judge's discovery orders.  We review a district court's treatment of a magistrate's order for an abuse of discretion. *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009).  When a party objects to a magistrate's non-dispositive order, the district court must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

Here, even if we assume that the district court erred by failing to consider the merits of Muhammad's Rule 72(a) objections to the magistrate's discovery orders, we still conclude that error was harmless.  First, Muhammad has failed to show the district court's omission resulted in substantial harm to his case.  *Iraola*

10

& *CIA, S.A. v. Kimberley-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (stating we will not overturn discovery rulings "unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case.").  Second, because entry of a final judgment constituted an implicit denial of those objections, he could have obtained appellate review.  *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981) ("The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment (which is in effect an overruling of pending pretrial motions) or of an order inconsistent with the granting of the relief sought by the motion.").  However, Muhammad conceded he is not actually challenging the magistrate's rulings; therefore, any issue in this respect is moot.  *Id.*

## V.

The district court did not err in dismissing Muhammad's RLUIPA claim for failure to state a claim upon which relief my be granted, or in granting summary judgment in favor of Colon and Poccia on Muhammad's Eighth Amendment claims.  Further, the district court did not abuse its discretion in denying Muhammad's motion for leave to amend his complaint, and any error in failing to rule on Muhammad's Rule 72(a) objections to a magistrate judge's discovery orders is harmless.  Accordingly, we affirm the decision of the district court.

11

**AFFIRMED.**