[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12843
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02408-MHC


VADIS J. FRONE,

Plaintiff-Appellant,

versus

JP MORGAN CHASE & CO.,
d.b.a. JP Morgan Chase Bank N.A.,
a.k.a. JP Morgan Chase Bank, N.A.
and/or Chase Home Finance, LLC,
ANY UNKNOWN DEFENDANTS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 5, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Vadis J. Frone, Sr., proceeding *pro se*, appeals the district court's dismissal of his civil claims against JPMorgan Chase Bank, N.A. (Chase) for breach of contract, and for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Truth in Lending Act (TILA), 15 U.S.C. § 1641, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e).[1]  Frone raises four issues on appeal,[2] which we address in turn.  After review,[3] we affirm the district court.

## I. Breach of Contract

First, Frone asserts the district court erred in dismissing the Frones' breach of contract claim because the court failed to consider whether the cost of litigation and/or the actual foreclosure of their home qualified as damages.  He also contends the court improperly relied upon *Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d

---

[1] Frone filed the complaint against Chase with his wife, Karen Frone.  However, Karen Frone passed away during the proceedings and Frone is the only appellant.

[2]  Frone only asserts the merits of the Frones' breach of contract, FDCPA, TILA, and RESPA claims on appeal, and does not address the other alleged violations.  Thus, the other alleged claims—negligence and unjust enrichment—are deemed abandoned.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (stating a legal claim that is not briefed on appeal is deemed abandoned, and we will not address its merits).

[3]  We review the district court's grant of a motion to dismiss *de novo*, applying the same standards as the district court.  *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).

1126 (11th Cir. 2014), in concluding the Frones' alleged economic damages were not traceable to Chase's alleged breach.

Federal Rule of Civil Procedure 12(b)(6) allows the district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, the court must take the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

While a court is required to accept well-pleaded facts as true at this stage, it is not required to accept the plaintiff's legal conclusions. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). It is insufficient for the plaintiff's complaint to put forth merely labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint's factual allegations need not be detailed, it must still allege sufficient facts to render the claim plausible on its face. *Id.* at 570.

To assert a claim for breach of contract under Georgia law, a plaintiff must show: (1) a valid contract, (2) a material breach of its terms, and (3) resultant damages to the party who has the right to complain about the breached contract. *Bates*, 768 F.3d at 1130. HUD regulations that are clearly referenced in the parties' deed as a condition precedent to the lender's exercise of the power to

accelerate and/or power of sale can serve as grounds for a breach of contract claim. *Id.* at 1132.

Under the third element, a plaintiff must show that the defendant's premature or improper exercise of the power to accelerate or the power of sale under the deed resulted in damages that would not have occurred but for the breach. *Id.* at 1132-33. In *Bates*, we explained that, because the defendant had yet to exercise the power of sale, the plaintiff had to trace back the only possible harm to the allegedly unauthorized acceleration of the note. *Id.* at 1133. However, we ultimately held such a claim was negated by the deed's reinstatement provision, which provided the plaintiff the right to be reinstated upon paying all amounts due, even after foreclosure proceedings had been initiated. *Id.* Thus, we held because Bates could simply pay her outstanding debt, the defendant's exercise of the power to accelerate could not have caused her harm. *Id.*

The district court did not err in dismissing the Frones' breach of contract claim. Litigation expenses are precluded from damages under Georgia law, especially where Frone now concedes the Frones' other alleged damages are also non-recoverable and they never alleged the statutory requirements for litigation expenses. *See Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 780 (11th Cir. 2011)  (explaining Georgia law generally precludes recovery of litigation

4

expenses as damages, as litigation expenses are an ancillary claim that requires the plaintiff to establish statutory requirements under O.C.G.A. § 13-6-11).

The court also did not err in failing to consider the Frones may have made post-default payments that, if properly applied, would have entitled them to reinstatement. While *pro se* complaints are liberally construed, the district court was not permitted to rewrite the Frones' insufficient pleadings. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (providing while courts must construe *pro se* complaints liberally, they must not act as "*de facto* counsel" for the *pro se* party, or rewrite an otherwise deficient pleading). The Frones' second amended complaint did not mention nor did it provide exhibits of any attempted post-foreclosure payments, and rather, only stated their post-foreclosure efforts to seek a modification or other workout option with Chase. This late claim is merely an improper speculative and conclusory statement portrayed as a factual allegation that we need not accept as true. *Twombly*, 550 U.S. at 555.

The Frones alleged no other damages they did not abandon on appeal, and have accordingly failed to sufficiently plead damages resulting from the alleged breach to support their breach of contract claim. Fed. R. Civ. P. 12(b)(6); *Bates*, 768 F.3d at 1130. Even assuming the district court erred in relying on *Bates*,[4] the Frones' failure to sufficiently plead damages is dispositive and we need not

---

[4] It is not clear whether *Bates*' holding applies to situations in which the defendant has exercised the power of sale by the time the claim is heard on appeal.

consider the argument.  Thus, we affirm the district court's dismissal of the breach of contract claim.

## II. FDCPA claim

Second, Frone contends the district court erred in dismissing the Frones' FDCPA claim because Chase was a "debt collector" under the Act, where it was assigned the Frones' deed after they defaulted.  Congress enacted the FDCPA in an effort "to eliminate abusive debt collection practices by debt collectors . . . ."  15 U.S.C. § 1692(e).  The FDCPA forbids certain conduct by debt collectors, including false or misleading representations in connection with the collection of any debt, including threatening to take actions that cannot be legally taken.  *See, e.g.*, *id.* § 1692e(5).  A plaintiff states a plausible FDCPA claim under § 1692e when he alleges, primarily, that (1) the defendant is a "debt collector," and (2) the challenged conduct is related to debt collection.  *Reese v. Ellis, Painter, Ratterree & Adams, LLP Reese*, 678 F.3d 1211, 1216 (11th Cir. 2012).

A "debt collector" is defined by the FDCPA as one who regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1315-16 (11th Cir. 2015) (citing 15 U.S.C. § 1692a(6)).  However, the statutory definition specifically excludes any debt collection concerning a debt which was not in default at the time

it was obtained by the debt collector. *Id.* at 1313 (citing 15 U.S.C. § 1692a(6)(F)(iii)).

The Frones merely allege in their second amended complaint that Chase was "a 'debt collector' as that term is defined under the FDCPA." However, this is not a well-pleaded fact, but rather, the Frones' legal conclusion, which the district court was not required to accept, and which we will not accept. *Chandler*, 695 F.3d at 1199. Nevertheless, Chase was exempted from the FDCPA's definition because the Frones specifically alleged Chase began servicing their loan five years before the alleged default occurred. *Davidson*, 797 F.3d at 1313. Frone's argument the Frones qualified this allegation by stating it was based merely "[u]pon information and belief" is unavailing, as they also alleged Chase notified them of their default in 2009, and Chase caused their default by failing to properly credit their account for payments made and by charging unauthorized fees. We need not ignore the Frones' more specific facts for their contradictory conclusory allegations. *Irvin*, 496 F.3d at 1205-06 ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations."). Thus, we affirm the district court's dismissal of the FDCPA claim.

7

### III. TILA Claim

Third, Frone asserts the district court erred in dismissing the Frones' TILA claim merely because they failed to defend the claim in their response in opposition to Chase's motion to dismiss. The district court has broad discretion in reviewing a magistrate judge's R&R. *Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009). It is not an abuse of discretion to decline to consider a plaintiff's argument that was not presented to the magistrate judge. *Id.* at 1291. Under the Federal Magistrate's Act, the district judge makes a *de novo* determination only as to the portions of the R&R to which the plaintiff objects. *Id.* (citing 28 U.S.C. § 636(b)(1)).

The district court did not abuse its discretion in declining to consider the Frones' objection in regards to their TILA claim. The Frones failed to argue against Chase's motion to dismiss as to their TILA claim, which indicated to the magistrate judge they were not opposing the motion as to that count. The magistrate judge recommended the district court either dismiss their TILA claim on waiver grounds, or because their requests were made pursuant to the RESPA, not the TILA. The Frones' objection to the R&R as to their TILA claim solely reiterated their prior argument they pleaded sufficient facts to state a claim, and made no arguments as to why the court should consider their claim regardless of their waiver. Thus, regardless of the Frones' *pro se* status, the court had discretion

8

to consider their substantive argument, and did not abuse that discretion in so declining.  *McNeil*, 557 F.3d at 1291.

Further, the Frones failed to challenge the district court's alternative dismissal on the independent grounds they nevertheless failed to state a claim because the exhibits attached to their complaint did not support their claim they made TILA requests under § 1641(f).  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating if an appellant challenges a district court judgment based on multiple, independent grounds, we will only reverse if the appellant convinces us the district court erred on each stated ground). Accordingly, we affirm the district court's dismissal of the TILA claim.

## IV. RESPA Claim

Finally, Frone contends the district court erred in dismissing the Frones' RESPA claim because they sent Chase three Qualified Written Requests (QWR), and Chase failed to provide sufficient responses to the first two, and failed to provide any response to the third.

A plaintiff may bring a claim under the RESPA for a mortgage-loan servicer's failure to respond to a QWR and recover any actual damages suffered as a result of this failure.  12 U.S.C. § 2605(e), (f)(1).  A QWR is a written correspondence that requests information relating to the "servicing" of the borrower's loan.  *Id.* § 2605(e)(1)(A).  "Servicing" is defined as "receiving any

scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3). A written correspondence qualifies as a QWR if it: (1) allows the servicer to identify the borrower's name and account, and (2) includes a statement of the reason the borrower believes the account is in error or provides sufficient detail regarding other information the borrower seeks. *Id.* § 2605(e)(1)(B).

Upon receiving a QWR from a borrower, the servicer must: (1) within 5 days, notify the borrower of its receipt; and (2) within 30 days, either make the appropriate corrections to the borrower's account and send the borrower written notification of the corrections, or after conducting an investigation, provide a written explanation or clarification. *Id.* § 2605(e)(1)(A), (e)(2).

The district court did not err in finding the Frones' three purported QWRs failed to meet the statutory requirements. While the first and second letters' requests for the Frones' payment history related to the servicing of their account, nowhere in those letters did the Frones identify any servicing errors or state the reason they believed their account to be in error. *Id.* § 2605(e)(1)(B), (i)(3). The letters did not provide Chase with sufficient information to investigate or address any concerns. The third letter reiterated their prior generalized requests—focusing

10

mostly on the identity of the creditor, the existence of the debt, and the authority to collect on the debt—and contained a statement merely asserting they were "disputing the accuracy" of their account based on "discrepancies as to how the mortgage loan account had been serviced," and how credits for payments made had been applied to their account. However, this statement still failed to state the reason the Frones believed the account to be in error, as they nowhere specified the servicing errors they were allegedly challenging. *Id.* § 2605(e)(1)(B).

Accordingly, the Frones' three letters did no more than vaguely assert servicing errors and generally dispute the validity of the debt, thereby failing to meet the statutory definition of a QWR. *Id.* Their requests put forth no more than labels, conclusions, and speculation. *Twombly*, 550 U.S. at 555. Thus, the district court did not err in dismissing the Frones' RESPA claim and we affirm.

**AFFIRMED.**