[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2009
THOMAS K. KAHN
CLERK

No. 08-11259

_____

D. C. Docket No. 06-61526 CV-JIC

STEADROY WILLIAMS,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,
Secretary, Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 10, 2009)**

Before DUBINA and CARNES, Circuit Judges, and GOLDBERG,[*] Judge.

_____

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

DUBINA, Circuit Judge:

This appeal presents a question of first impression for our circuit: whether a district court has discretion not to consider a petitioner's arguments regarding the timeliness of his federal habeas petition when the petitioner raises the timeliness arguments for the first time in his objections to a magistrate judge's report and recommendation. For the reasons that follow, we conclude that the district court has such discretion and, under the circumstances of this case, did not abuse its discretion. Accordingly, we affirm the district court's judgment of dismissal of Steadroy Williams's 28 U.S.C. § 2254 habeas petition as time-barred.

## I. STATEMENT OF THE CASE

In September 2002, a Florida jury convicted Williams of armed kidnaping and armed robbery, and the state trial court sentenced him to a prison term of forty years, ten of which were mandatory. Williams filed a notice of appeal on September 25, 2002, and the Florida District Court of Appeal affirmed Williams's judgment and sentence on October 29, 2003.

On June 15, 2004, Williams filed a *pro se* state petition for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the state trial court denied on September 10, 2004. On November 17, 2005, Williams filed a motion for belated appeal, which the appellate court granted on February 9, 2006.

2

On March 1, 2006, Williams appealed the denial of his petition for post-conviction relief, and on April 4, 2006, the Florida District Court of Appeal affirmed the trial court's order denying Williams state post-conviction relief.

Williams filed a federal habeas petition on October 8, 2006, in which he wrote that the state appellate court affirmed his belated appeal on May 26, 2006, and contended that his federal petition was timely because his state post-conviction petition was pending from June 17, 2004, to May 26, 2006. The State responded, arguing that Williams's federal habeas petition was time-barred under the one-year time limit on federal habeas petitions in 28 U.S.C. § 2244. The State claimed that the one-year limitations period ran for 140 days before Williams filed his state petition for post-conviction relief on June 15, 2004, which tolled the one-year limitations period. According to the State, the clock restarted when the state trial court denied Williams's motion for post-conviction relief on September 10, 2004, and ran for 433 days until he filed his motion for belated appeal of the denial of his post-conviction petition. The State posited that the clock did not stop while his motion for a belated appeal was pending, so another 84 days passed before the Florida District Court of Appeal issued its March 1, 2006, mandate allowing Williams's appeal. The clock restarted when Williams's subsequent appeal was denied and ran for another 135 days until Williams filed his federal

3

habeas petition. The State thus argued that 792 days of untolled time passed before Williams filed his federal habeas petition, and, therefore, the petition was time-barred under the statute.

The district court referred the matter to the federal magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636, et seq. (2006). The magistrate judge instructed Williams to file, by August 3, 2007, a reply to the State's response asserting that the petition was untimely. Williams did not file a reply.[1] On November 9, 2007, the magistrate judge issued a report and recommendation, recommending that the district court dismiss Williams's habeas petition as time-barred. Williams filed objections to the magistrate judge's report and recommendation, asserting that he had filed a notice of appeal from the trial court's denial of his post-conviction motion in October 2004, but did not discover until September 2005 that prison authorities never mailed his notice of appeal to the Florida District Court of Appeal. Thus, Williams argued that under the "prison mailbox rule," the limitations period was tolled from the day he signed the petition until the day in September 2005 that he discovered that the authorities had not

---

[1] Williams's counsel stated in the appellate brief and during oral argument to this court that she misread the district court's order and believed that the electronic file was a duplicate copy of the State's response to a Show Cause Order. As such, she did not file a reply.

mailed it.[2] Williams also contended that the limitations period was tolled while his motion for a belated appeal was pending in the state appellate court, from November 17, 2005, to February 9, 2006. Therefore, Williams claimed that only 346 days had passed, and his federal habeas petition was timely filed.

In its order, the district court stated that it conducted a *de novo* review of the case but did not consider Williams's arguments regarding the timeliness of his petition. The district court noted that Williams never filed a reply to the State's response and found that he argued, for the first time in his objections to the magistrate judge's report and recommendation, that the limitations period was tolled for a nine-month period due to the prison authorities' failure to mail his notice of appeal. The district court concluded that it may decline to consider arguments raised for the first time in the objections to the magistrate judges's report and recommendation, and doing so was warranted in this case based on Williams's failure to respond to the magistrate judge's order directing him to file a reply on the precise issue of timeliness. Accordingly, the district court adopted the magistrate judge's report and recommendation and dismissed Williams's petition as time-barred.

---

[2] Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275–76, 108 S. Ct. 2379, 2384–85 (1988).

The district court granted Williams's motion for a certificate of appealability ("COA").[3] In his request for a COA, Williams asserts that the district court was required to consider his timeliness arguments raised for the first time in his objections to the magistrate judge's report and recommendation, and this court should reverse the district court's judgment dismissing his federal habeas petition as time-barred and remand for reconsideration, taking into account Williams's arguments regarding timeliness.[4]

## II. STANDARD OF REVIEW

We review for abuse of discretion a district court's treatment of a magistrate judge's report and recommendation. *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006). However, when reviewing a district court's denial of a petition for writ of habeas corpus, we review its findings of fact for clear error and its legal conclusions *de novo*. *Breedlove v. Moore*, 279 F.3d 952, 958 (11th Cir. 2002).

## III. DISCUSSION

---

[3] In its order granting a COA, the district court noted that "jurists of reason could find it debatable whether the Court was required to consider Mr. Williams' arguments regarding timeliness." (R. Vol. 1, Doc. 21 at 2.)

[4] On appeal, Williams also argues that we should consider the merits of his timeliness argument. Our appellate review is limited to the issues specified in the COA. *See Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998). Because Williams's contentions as to the merits of his timeliness argument are outside the scope of the COA, and we did not expand the COA to include the merits issue, we will not consider it.

In *Stephens v. Tolbert*, we held that a district court does not abuse its discretion by considering an argument that was not presented to the magistrate judge. 471 F.3d at 1174. We declined to decide whether a district court must consider an argument that is not presented to the magistrate judge and left that issue to "be resolved another day in the event that a district court declines to consider a new argument." *Id.* at 1177. That day has arrived. In this case, the district court declined to consider the petitioner's timeliness argument that he did not raise before the magistrate judge. Although this case involves the opposite scenario of the one we addressed in *Stephens*, we resolve this case in the same manner as we did *Stephens*. We conclude that the district court has broad discretion in reviewing a magistrate judge's report and recommendation, and, therefore, the district court did not abuse its discretion in declining to consider Williams's timeliness argument that was not presented to the magistrate judge.

Under the Federal Magistrates Act, "the magistrate [judge] has no authority to make a final and binding" ruling on a dispositive motion. *United States v. Raddatz*, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980). The Act provides, in part, that:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court

7

> may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (implementing and reflecting the breadth of statutory discretion set forth in the Federal Magistrates Act). In discussing the Act, the Supreme Court noted that the purpose of the Act's language "was to vest 'ultimate adjudicatory power over dispositive motions' in the district court while granting the 'widest discretion' on how to treat the recommendations of the magistrate." *Raddatz*, 447 U.S. at 675, 100 S. Ct. at 2412 (quoting S. Rep. No. 94-625, at 10 (1976)). "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Id.* at 676, 100 S. Ct. at 2413. It is clear, however, that the Article III judge must retain final decision-making authority. *See Raddatz*, 447 U.S. at 681–82, 100 S. Ct. at 2415. The district court must retain "total control and jurisdiction" of the entire process if it refers dispositive motions to a magistrate judge for recommendation. *Thomas v. Arn*, 474 U.S. 140, 153, 106 S. Ct. 466, 474 (1985) (quoting *Raddatz*, 447 U.S. at 681, 100 S. Ct. at 2415).

8

Circuit courts differ on the meaning of *de novo* review by the district court as stated in the Magistrates Act and Federal Rule of Civil Procedure 72(b).  For example, in *United States v. George*, the Fourth Circuit held that as part of its obligation to determine *de novo* any issue considered by the magistrate judge to which a proper objection is made, a district court must consider all arguments, regardless of whether they were raised before the magistrate judge.  971 F.2d 1113, 1118 (4th Cir. 1992).  The First, Fifth, Ninth, and Tenth Circuits, however, have rejected this idea, finding that requiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation.  In *Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, the First Circuit held "categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."  840 F.2d 985, 990–91 (1st Cir. 1988).  Because the magistrate judge system was created to help alleviate the workload of the district judges, "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the

9

district judge." *Id.* at 991. Similarly, the Tenth Circuit stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *accord Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (deciding that legal arguments, such as challenges based on exhaustion or procedural default, raised for the first time in objections to a magistrate's report and recommendation may be waived).

The Ninth Circuit noted that "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc). In accord with this precedent, in *United States v. Howell*, the Ninth Circuit relied heavily on the district court's discretion, and, like the First, Fifth, and Tenth Circuits, stated that a district court "is not required to[] consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation." 231 F.3d 615, 621 (9th Cir. 2000). In addition to finding that both the Magistrates Act and Supreme Court precedent provide discretion to the district court in this instance, the court noted that "[t]o

require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* at 622. "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Id.* (quoting *Paterson-Leitch Co.*, 840 F.2d at 991).

In this case, the district court acknowledged that it had discretion to consider Williams's timeliness argument but declined to do so because Williams failed to respond to the magistrate's order directing him to file a reply on the precise issue of timeliness. The district court retained the final adjudicative authority and properly exercised its discretion in deciding whether to consider any new arguments raised by Williams in his objections to the magistrate judge's report and recommendation. *See Raddatz*, 447 U.S. at 681–82, 100 S. Ct. at 2415 (emphasizing that in order to preserve Article III authority, the federal district judge must retain final decision-making authority). Thus, we answer the question left open in *Stephens* and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge. The district court in this case had the discretion whether to

consider Williams's argument regarding timeliness of his habeas petition when he did not raise the argument in the first instance to the magistrate judge. Accordingly, because we conclude that the district court did not abuse its discretion in dismissing Williams's habeas petition as time-barred, we affirm the judgment of dismissal.

AFFIRMED.