[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10615
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:05-cr-20915-DMM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY ALBERTO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2010)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Rudy Alberto Rodriguez, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his motion for a new trial under Federal Rule of Criminal

Procedure 33 and his related post-trial motion for discovery. On April 26, 2006, a jury in the Southern District of Florida found Rodriguez guilty of conspiracy to possess with intent to distribute at least five hundred grams but less than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 30, 2009, Rodriguez filed a *pro se* motion for a new trial under Rule 33, based on his claim of newly discovered evidence of prosecutorial misconduct. At that time, he also filed a *pro se* motion for discovery related to the alleged misconduct.[1] The district court denied both motions, and Rodriguez now appeals.

We review a district court's denial of a motion for a new trial for abuse of discretion. United States v. Garcia, 13 F.3d 1464, 1472 (11th Cir. 1994). We also review a district court's denial of a post-trial motion for discovery for abuse of discretion. See United States v. Espinosa-Hernandez, 918 F.2d 911, 913 (11th Cir. 1990). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Rule 33 states that "[a]ny motion for a new trial grounded on newly

---

[1] Although Rodriguez's motions were not received by the district court until January 5, 2010, we consider them filed on December 30, 2009, because they were executed, and presumably delivered to prison authorities for mailing, on that day. See Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.").

discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1).  Rodriguez filed his motion for a new trial more than three years after the jury found him guilty.  We therefore conclude that the district court did not abuse its discretion in denying Rodriguez's untimely motion for a new trial and his related post-trial motion for discovery.

**AFFIRMED.**