[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-12338
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00970-MHS

CATHERINE SHULTZ,

Plaintiff-Appellant,

versus

SECRETARY OF THE UNITED STATES AIR FORCE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 13, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Catherine Shultz appeals the district court's grant of summary judgment in favor of the Secretary of the United States Air Force on her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. Ms. Shultz argues that the district court improperly considered the probative value of her pretext evidence at the summary judgment stage, erroneously concluded that she failed to meet her burden to show pretext, and abused its discretion by declining to address an argument not raised before the magistrate judge. We disagree, and, therefore affirm.

In June of 2007, Ms. Shultz became a probationary Readiness Program Specialist Technician with the Air Force. According to Ms. Shultz, as early as October of 2007, her immediate supervisor, Wayne Jones, sexually harassed her by making numerous inappropriate comments. She initiated the EEO complaint process on November 29, 2007, which she believes led to her termination shortly thereafter.

In its termination letter dated December 6, 2007, the Air Force gave three reasons for Ms. Shultz's termination: (1) improper use of her government travel card on November 6, 2007, to make several personal purchases in violation of the Air Force's policy; (2) improper use of her government-issued cell phone to make numerous personal calls; and (3) being absent without leave on November 29, 2007. Ms. Shultz countered that these reasons were pretextual because the

decision-maker, Colonel Steven Slick, had expressly decided not to fire her for the improper use of the travel card and reversed that decision after she initiated the EEO proceedings. She further asserted that other employees were not disciplined for misusing their travel cards, and the government did not have a policy about or otherwise keep track of personal calls on government-issued cell phones. Ms. Shultz expressly denied the allegation that she was absent without leave, as she disputed her supervisor's statement that she was told not to leave her duty station.

We review a district court's grant of summary judgment *de novo*. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), a Title VII plaintiff must first establish a *prima facie* case of retaliation. If she does, then the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the challenged employment decision. *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). If the employer successfully articulates a legitimate reason, the plaintiff must show that each reason is a pretext for retaliation. *See id*.

First we address Ms. Shultz's argument that the district court improperly determined that certain evidence—that Ms. Schultz promptly repaid the personal charges on her government issued travel card and that other employees were not disciplined for similar conduct—had "little, if any, probative value on the issue of

pretext." D.E. 36 at 13. When determining whether Ms. Schultz met her burden to show pretext, the district court could properly consider, among other things, "the probative value of the proof that the employer's explanation is false." *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). *See also Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1168–69 (10th Cir. 2007); *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Here the district court did not make a blanket statement discounting the evidence, but rather explained that Colonel Slick honestly believed that other similarly-situated employees had been disciplined, and he did not discipline Ms. Schultz because of Mr. James' desire to give her another chance. Ms. Shultz nevertheless asserts that the district court's reasoning runs contrary to the well-known mandate that district courts are not permitted to weigh evidence on a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A district court, however, is permitted to grant summary judgment "[if] the evidence is merely colorable or not significantly probative." *Id.* at 249–50. On this record, we find no error in the district court's inquiry into the probative value of Ms. Shultz's pretext evidence.

Second, we determine whether that evidence was sufficient to overcome summary judgment. To meet her burden on pretext, Ms. Shultz was required to rebut *each* of the Air Force's proffered reasons for her termination. *See Chapman*

*v. AI Transport*, 229 F.3d 1012, 1024–25 (11th Cir. 2000). This required more than just pointing out factual inaccuracies in the explanations; Ms. Shultz also needed to show that the Air Force did not honestly believe these explanations. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). We conclude that Ms. Shultz did not meet this burden with respect to the Air Force's third reason for her termination—that she was absent without leave on November 29, 2007.[1]

On November 29, 2007, Ms. Shultz reported to work at 8 a.m., and Mr. Jones asked her to clear her calendar for a meeting later that morning. Despite this request, Ms. Shultz left her duty station, and although it is unclear exactly how long she was gone, the record indicates that she did not return until 12:45 p.m.[2] Ms. Shultz says that Mr. Jones never told her that she was required to remain at her duty station, but she does not dispute that Mr. Jones specifically requested to meet with her that morning or that she was not there when he returned from another meeting. We conclude that a reasonable employer might be motivated to fire a

---

[1] We need not and do not address whether the Air Force's other reasons for terminating Ms. Shultz were pretextual. Failure to show pretext on just one of the Air Force's legitimate non-retaliatory reasons is fatal to Ms. Shultz's claim. *See Chapman*, 229 F.3d at 1024–25.

[2] We recognize that Ms. Shultz left her duty section to speak with EEO representatives about her sexual harassment allegations.  In her reply brief, Ms. Shultz asserts for the first time that summary judgment should be reversed because the event that led to her firing was "inextricably intertwined" with protected activity. *See* Appellant's Reply Brief at 15-16 (citing *Scarbrough v. Bd. of Trustees Fla. A&M Univ.*, 504 F.3d 1220, 1222 (11th Cir. 2007)). We decline to address this argument for the first time on appeal. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007). *See also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir 2008) (noting that arguments not raised in the appellant's initial brief are deemed waived).

5

probationary employee who is missing from her duty station without direct permission from her supervisor and is unavailable for a requested meeting, particularly when that employee was already being closely scrutinized. *See Chapman*, 229 F.3d at 1030 ("Provided that the proffered reason is one that might motivate a reasonable employer, an employee . . . cannot succeed by simply quarreling with the wisdom of that reason."). *See also Greer v. Paulson*, 505 F.3d 1306, 1318-19 (D.C. Cir. 2007) (holding that IRS employee, who failed to return to work as scheduled and whose skills were needed to handle her new assignment, did not show that employer's decision to place her on AWOL status was pretextual); *Wofford v. Middletown Tube Works, Inc.*, 67 Fed. App'x 312, 317 (6th Cir. 2003) (finding that company had a legitimate, non-discriminatory business reason to terminate employee when that employee had agreed to work overtime and then did not show up).

Ms. Shultz attempts to avoid summary judgment by pointing to disputed issues of fact regarding whether Mr. Jones expressly told her to remain in her duty section until he returned from another meeting. She does not, however, offer any evidence that the Air Force did not believe that she was absent without leave. So even if the factual basis for the decision was erroneous, there is no evidence that the Air Force disbelieved the basis for the decision such that a jury could conclude the Air Force retaliated against Ms. Shultz. Consequently, the district court

6

properly granted summary judgment on Ms. Shultz's retaliation claim.

Finally the district court did not abuse its discretion by declining to address an argument that Ms. Shultz failed to make before the magistrate judge. "[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009). Ms. Shultz cites no case law to support her claim that the district court abused its discretion, and we find no support for it in the record.

AFFIRMED.