[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14637
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-23134-KMM


IVAN FERNANDEZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 30, 2013)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ivan Fernandez appeals the denial of his petition for a writ of habeas corpus

that challenged his conviction in a Florida court of second degree murder.  See 28

U.S.C. § 2254.  We granted a certificate of appealability to decide whether Fernandez fairly presented to the district court a claim that his trial counsel was ineffective for failing to investigate and argue that Fernandez acted in self-defense. After a careful review of the record, we answer that question in the negative and affirm.

Fernandez failed to present in his petition the claim that trial counsel was ineffective for failing to argue about self-defense.  Fernandez was required to present that claim in clear and simple language so that it could be easily identified and understood by the district court.  See Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1352 (11th Cir. 2009).  Fernandez alleged in his petition that the "trial court committed fundamental error by instructing the jury on the forcible felony exception to self-defense" and that "trial counsel did not present[] a complete defense," but the district court understandably interpreted Fernandez's allegations as presenting a claim that trial counsel had been ineffective for failing to object to the jury instruction.  Fernandez "adopt[ed] . . . [and] incorporated by reference" his brief on direct appeal in the state courts, which addressed only the alleged error of the trial court in giving the instruction.  Fernandez incorporated by reference into his federal petition all the claims of ineffective assistance that he raised in his first state postconviction motion, see Fla. R. Crim. P. 3.850, but that motion did not include the claim that counsel was ineffective for failing to argue about self-

2

defense.  Although that claim of ineffective assistance of counsel was raised in Fernandez's second state postconviction motion, Fernandez did not even allude to his second motion in his federal petition.  See Smith, 572 F.3d at 1352.  Fernandez included his claim of ineffective assistance in his objection to the report and recommendation, but we cannot say that the district court abused its discretion when it refused to consider a claim that Fernandez had never presented to the magistrate judge.  See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

We **AFFIRM** the denial of Fernandez's petition for a writ of habeas corpus.