18-3251 (XAP)
*Ryu v. Hope Bancorp, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:
>  PETER W. HALL,
>  DEBRA ANN LIVINGSTON,
>  *Circuit Judges*,
>  JANE A. RESTANI,*
>  *Judge.*

---

SUK JOON RYU, AKA JAMES S. RYU,

>  *Plaintiff–Appellee–Cross-Appellant*,

>  v.                                                          18-2954 (L),
>                                                              18-3251 (XAP)

HOPE BANCORP, INC., AS SUCCESSOR BY MERGER TO WILSHIRE BANCORP, INC.,

>  *Defendant–Appellant–Cross-Appellee*.

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

1

Appearing for *Appellee–Cross-Appellant*:      STEPHEN G. HARVEY, Steve Harvey Law LLC, Philadelphia PA (Michael A. Freeman, Greenberg Freeman LLP, New York, NY, *on the brief*).

Appearing for *Appellant–Cross-Appellee*:      MICHAEL M. YI (Lee Anav Chung White, *on the brief*), Kim Ruger & Richter LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*; Parker, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on October 1, 2018, is **AFFIRMED**.

Plaintiff-Appellee–Cross-Appellant Suk Joon Ryu cross-appeals from an order of the district court adopting a magistrate judge's report and recommendation regarding Ryu's claim for advancement of legal fees from Hope Bancorp Inc. ("Hope Bancorp").[1] The district court granted the relief sought by Ryu in part, and this appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Ryu was the Senior Vice President and Chief Operating Officer of BankAsiana from 2007 until it merged with Wilshire Bancorp, Inc. in 2013. Hope Bancorp is the successor-by-merger to Wilshire Bancorp. One of Ryu's BankAsiana coworkers later

---

[1] Hope Bancorp's appeal of the same order was dismissed pursuant to Federal Rule of Appellant Procedure 42.

2

implicated him in an embezzlement scheme, which led to a criminal investigation by the FBI and DOJ and a civil action against Ryu filed in the U.S. District Court for the District of New Jersey ("the Embezzlement Action"). Ryu subsequently filed this action in the U.S. District Court for the Southern District of New York ("the Advancement Action"), seeking contractual advancement from Hope Bancorp of Ryu's legal fees. Ryu retained two law firms to represent him in the civil actions: Steve Harvey Law LLC ("SHL") and Greenberg Freeman LLP ("Greenberg Freeman").

The magistrate judge recommended granting the relief sought by Ryu in part, but she concluded that 150% rate multipliers for both SHL and Greenberg Freeman were unreasonable and that SHL's billable hours should be reduced by 20%. The district court adopted the report and recommendation in full.

Ryu insists on appeal that the district court erred by not applying New Jersey law, specifically relying on *Rendine v. Pantzer*, 661 A.2d 1202 (N.J. 1995), which, according to Ryu, would have rendered reasonable both the 150% rate multipliers and the billable hours.[2] "The Second Circuit reviews a district court's decision to grant or deny an award of attorneys' fees for abuse of discretion, reviewing de novo any rulings of law." *Fresno Cty. Emps.' Ret. Ass'n v. Isaacson/Weaver Family Trust*, 925 F.3d 63, 67 (2d Cir. 2019)

---

[2] Hope Bancorp contends that Ryu's arguments on appeal are forfeited or waived because he failed to raise them until his objections to the magistrate judge's report and recommendation. *Cf., e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009). We have not yet decided whether that failure results in forfeiture or waiver, and we decline to decide the issue now because we conclude that Ryu's arguments fail on the merits.

3

(internal quotation marks omitted). A court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnote omitted).

With respect to SHL, Ryu's argument that *Rendine* provides the controlling principle fails out of the gate. Ryu criticizes the district court for relying on *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, a case involving a federal fee-shifting statue, for the proposition that "it would be unreasonable for SHL's attorneys to be compensated 'as if [they] had sacrificed completely [their] right to payment in the event of an unsuccessful outcome.'"[3] App. 529–30 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 716–17 (1987)); *see also City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) ("[W]e hold that enhancement for contingency is not permitted under the fee-shifting statutes at issue," i.e., the Solid Waste Disposal Act and Clean Water Act.). As Ryu would have it told, the New Jersey Supreme Court held just the opposite in *Rendine*. *See Rendine*, 661 A.2d at 1228 ("We hold that the trial court, after having carefully

---

[3] The language quoted by the magistrate judge was not a holding of the Supreme Court; it was the Supreme Court's quotation of an Eleventh Circuit case during the Court's survey of the state of the law. *See Del. Valley*, 483 U.S. at 716 (quoting *Jones v. Cent. Soya Co.*, 748 F.2d 586, 593 (11th Cir. 1984)).

4

established the amount of the lodestar fee, should consider whether to increase that fee to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome.").

This is not technically accurate (denying the antecedent) and misses the point. The *Delaware Valley* plurality posited that an attorney *not* working under a contingency agreement had not assumed a risk of nonpayment sufficient to warrant an adjustment to the lodestar. *Rendine* held that an attorney who *was* working under a contingency agreement may indeed have assumed a risk warranting lodestar adjustment. Either way, those cases focus on the risk of contingency agreements. But Ryu did not retain SHL under a contingency agreement. The only caselaw upon which Ryu relies is therefore not relevant to whether the 150% fee multiplier was reasonable here.[4]

Ryu's argument concerning the 20% reduction applied to SHL's billable hours is likewise meritless. He again asserts that the district court erred by using federal-law principles, rather than New Jersey law, in its reasoning, but he fails to identify a single New Jersey case that would support a different outcome. *See* Fed. R. Civ. P. 61 ("At every

_____

[4] True, Ryu's agreement with Greenberg Freeman was on a contingency basis. But even setting aside the fact that Ryu's brief mentions Greenberg Freeman's 150% fee multiplier only in passing and presents no factual argument concerning the risk assumed by Greenberg Freeman, Ryu does not address the district court's finding (as recommended by the magistrate judge) that Ryu proffered no evidence establishing that a reasonable paying client in his situation would be willing to pay the 150% multiplier.

5

stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

We have considered Ryu's remaining arguments and find them to be without merit.  The order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court