[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10151
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-62832-BB

KENNETH A. FRANK,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 11, 2019)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Kenneth A. Frank, a Florida prisoner proceeding *pro se*, appeals the

dismissal of his 42 U.S.C. § 1983 action for failure to state a claim that the

government violated his rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.  We affirm.

## I. BACKGROUND

Frank filed a complaint against the government alleging that it had deprived him of his conferral rights under the CVRA.  In his complaint, Frank stated that he was the victim of "kidnapping, robbery and other federal crimes and RICO Act violations."  He alleged that several state officials and Wells Fargo Bank committed these crimes.  Frank stated that he made multiple attempts to report the alleged crimes to various government agencies but received no response.  He believed that these requests were ignored because he is currently in prison in connection with an unrelated matter.  Frank argued that the government's inaction with respect to his requests amounted to a violation of his right under the CVRA to confer with a government attorney regarding his case.  Accordingly, Frank requested a court order requiring the United States Attorney's Office to confer with him about the alleged crimes.

Frank's case was assigned to a magistrate judge, who issued a report and recommendation ("R&R").  The magistrate judge recommended that Frank's complaint be dismissed for two reasons.  First, the magistrate judge, referring to Frank's pending prosecution for which he is currently in prison, recommended that

the court abstain from ruling on Frank's claim pursuant to the *Younger*[1] doctrine. Second, the magistrate judge recommended that Frank's complaint be dismissed as frivolous and failing to state a claim under 28 U.S.C. § 1915A(b).

Frank filed objections to the R&R, clarifying that his complaint pertained not to his pending criminal prosecution but to an unrelated state foreclosure proceeding and objecting to the magistrate judge's application of *Younger*. Additionally, Frank provided more details regarding the foreclosure case and the alleged crimes identified in his complaint. He also stated that the foreclosure proceedings and the underlying mortgage were illegal and that he was kidnapped when he was removed from prison by state officials and taken to his foreclosure hearing after refusing to attend a previously scheduled hearing. Frank argued that the conduct outlined in these new allegations amounted to violations of several federal criminal statutes. With respect to the magistrate judge's second reason for recommending dismissal, Frank argued that the magistrate judge erred by failing to liberally construe his complaint as required in *pro se* cases.

The district court issued an order adopting the R&R. The district court agreed with Frank that *Younger* was inapplicable to the case because Frank's complaint did not pertain to his pending prosecution. Nevertheless, the district court agreed with the magistrate judge's ultimate recommendation of dismissal,

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).

stating that Frank's complaint "does not establish" that he is a "crime victim" for the purposes of the CVRA.

On appeal, Frank argues that the district court erred when it adopted the magistrate judge's finding that Frank failed to show that he is a "crime victim" for the purposes of the CVRA. He contends that the allegations in his complaint are sufficient to state a claim because he is not required at this stage in the litigation to establish that a federal crime was committed or that he was harmed by such crime.

## II. DISCUSSION

We review *de novo* the district court's *sua sponte* dismissal of Frank's complaint for failure to state a claim under 28 U.S.C. § 1915A(b). *Waldman v. Ala. Prison Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017). For the purposes of this review, "[t]he complaint's factual allegations must be accepted as true." *Id.* At the same time, we recognize that "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks and alteration omitted). In addition, as is relevant to this case, we note that a district court has discretion to refuse to consider matters raised for the first time in an objection to a magistrate judge's report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009).

4

The CVRA provides "crime victim[s]" with certain rights, including "[t]he reasonable right to confer with the attorney for the Government in the case."  18 U.S.C. § 3771(a).  A crime victim may assert these rights even if there is no ongoing prosecution in connection with the applicable crime.  *Id.* § 3771(d)(3).  The CVRA defines the term "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense."  *Id.* § 3771(e)(2).

In his complaint, Frank stated that he was the victim of several federal offenses; however, he did not explain the alleged crimes outside of providing a date on which the alleged crimes occurred and identifying the alleged perpetrators.  Such conclusory statements are insufficient to establish a cause of action, *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; therefore, Frank failed to properly allege that he is a "crime victim" under the CVRA.  Although Frank provided further details of the alleged crimes in his objections to the R&R, the district court was within its discretion to disregard these newly raised allegations.[2]  *See Williams*, 557 F.3d at 1290-91.

**AFFIRMED.**

---

[2] We note that even if the district court had considered the new allegations, dismissal still would have been appropriate.  While Frank stated in his objections that several federal criminal statutes had been violated, he did not explain how the alleged perpetrators' actions violated these statutes.  Accordingly, these newly raised allegations also were insufficient to establish a cause of action.  *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.