[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11760
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cv-14461-KMM

JOEL BARCELONA,

Plaintiff-Appellant,

versus

M. ESCOTTO RODRIGUEZ,
Correction Officer,
CAPT. MARTIN,
OFFICER JEAN-PIERRE,
Correction Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2021)

Before JORDAN, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Joel Barcelona, a Florida prisoner proceeding pro se,[1] appeals the district court's dismissal -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- of his 42 U.S.C. § 1983 civil action. In his amended complaint, Plaintiff alleged that defendant prison officials -- Captain Martin, Officer Rodriguez, and Officer Jean-Pierre -- violated the Eighth Amendment. No reversible error has been shown; we affirm.

Plaintiff's complaint arises from an incident that occurred on 16 September 2019, while Plaintiff was confined at the Martin Correctional Institution. At Captain Martin's instruction, Officer Rodriguez ordered all prisoners to return to their cells for counting before the prisoners completed eating dinner. Plaintiff returned to his cell. Plaintiff's cellmate (J.H.), however, sat in front of the cell and refused to enter until he had eaten. Officer Rodriguez approached Plaintiff's cell and again ordered J.H. to return to his cell.

Although J.H. complied with this second order, Officer Rodriguez "sprayed a deadly gas" at J.H. -- when J.H. was inside the cell. The spray also hit the wall

---

[1] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

near Plaintiff's bed and hit Plaintiff's face.  As a result, Plaintiff experienced discomfort, including shortness of breath, eye pain, and a painful runny nose. After being sprayed, J.H. was handcuffed and taken away.

Plaintiff says that Officer Jean-Pierre -- who was in front of Plaintiff's cell during the incident -- ignored Plaintiff's calls for a "medical emergency."  Plaintiff also says that Captain Martin later viewed the surveillance footage of the incident.

The magistrate judge issued a report and recommendation ("R&R") in which she recommended that Plaintiff's complaint be dismissed -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- for failure to state a claim.  After considering Plaintiff's objections to the R&R, the district court adopted the magistrate judge's recommendation and dismissed with prejudice Plaintiff's complaint.[2]

We review de novo a district court's sua sponte dismissal under section 1915(e)(2)(B)(ii) for failure to state a claim.  Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  In reviewing a dismissal under section

---

[2] The district court acted within its discretion in declining to consider factual allegations and arguments Plaintiff presented for the first time in his objections to the R&R.  See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).  The district court also determined that further amendment of the complaint would be futile because Plaintiff's new factual allegations still failed to state a claim under the Eighth Amendment.

On appeal, Plaintiff raises no challenge to the district court's refusal to consider facts not alleged in his amended complaint or the district court's determination that another amendment would be futile.  Accordingly, we will not consider those new factual allegations and arguments in deciding this appeal.

1915(e)(2)(B)(ii), we apply the same standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6).  Id.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  To state a plausible claim for relief, plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

In the prison context, "[t]he Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs."  Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010).  A critical component for establishing a violation of the Eighth Amendment "is some proof that officials acted with specific intent."  Campbell v. Sikes, 169 F.3d 1353, 1362-63 (11th Cir. 1999).

To establish a claim for excessive force under the Eighth Amendment, a plaintiff must show that the prison official applied force to harm "maliciously and

4

sadistically for the very purpose of causing harm" instead of "in a good faith effort to maintain or restore discipline." Id. at 1374.

The district court committed no error in dismissing Plaintiff's claim for excessive force under the Eighth Amendment. Plaintiff alleged no facts supporting his conclusory allegation that Officer Rodriguez acted maliciously and sadistically to cause Plaintiff harm. Plaintiff never alleged -- nor can we infer reasonably -- that Officer Rodriguez intended to spray or to otherwise harm Plaintiff. That some of the spray aimed at J.H. hit the wall near Plaintiff's bed and injured Plaintiff is insufficient to establish that Officer Rodriguez had the requisite intent to cause harm to Plaintiff. Cf. Lumley v. City of Dade City, 327 F.3d 1186, 1196 (11th Cir. 2003) (explaining that a "showing of mere negligence" is insufficient to establish an unconstitutional use of excessive force). Plaintiff has thus stated no plausible claim for excessive force against Officer Rodriguez.

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Danley v. Allen, 540 F.3d 1298, 1310 (11th Cir. 2008). To satisfy the intent element, a plaintiff must allege that the prison official had

5

"subjective knowledge of a risk of serious harm" and disregarded that risk "by conduct that is more than [gross] negligence." Id. at 1312 (alteration in original).

The district court dismissed properly Plaintiff's claim for deliberate indifference. We have said that exposure to pepper spray without adequate decontamination can constitute a serious medical need. See Danley, 540 F.3d at 1310-11. Even if we accept that Plaintiff alleged sufficiently a serious medical need, he has alleged no facts that would support an inference that Officers Rodriguez or Jean-Pierre acted with deliberate indifference to that need. On appeal, Plaintiff says expressly that Officers Rodriguez and Jean-Pierre did not know that Plaintiff had been sprayed directly and did not know that Plaintiff was yelling for a medical emergency because Plaintiff had been exposed to the "deadly gas." Absent allegations that Officers Rodriguez and Jean-Pierre had subjective knowledge of a risk of serious harm to Plaintiff, Plaintiff can state no plausible claim for deliberate indifference.

Because Plaintiff has failed to state a claim for violation of the Eighth Amendment against Officers Rodriguez and Jean-Pierre, he can state no claim for supervisory liability against Captain Martin. See Beshers v. Harrison, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007) (declining to address a claim for supervisory liability when plaintiff had proved no underlying constitutional violation).

6

AFFIRMED.