[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11648

Non-Argument Calendar

_____

SAMUEL BARNABY DYER CORIAT
SHEYLA DYER CORIAT,
PIERO MARTIN DYER CORIAT,

Petitioners-Appellants,

*versus*

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
TRUIST BANK,
WELLS FARGO BANK, NA,

2                    Opinion of the Court                    23-11648

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22788-RNS

_____

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

PER CURIAM:

The Dyer Coriat siblings—Samuel Barnaby, Sheyla, and Piero Martin—natives and citizens of Peru, appeal the dismissal of their petitions to quash summonses issued by the Internal Revenue Service to their banking institutions in the United States. 26 U.S.C. § 7609(b). The Dyer Coriats argue that the district court erred in dismissing their petitions and denying an evidentiary hearing to investigate whether the Service knew that the Peruvian government had requested the information in bad faith. We affirm.

On August 23, 2022, the Dyer Coriats received notices of summonses that the Service issued to their respective banks in the United States. The Service issued the summonses after receiving exchange-of-information requests from Peru's National Superintendence of Customs and Tax Administration under the Tax Information Exchange Agreement of 1990 between the United States and the Republic of Peru.

23-11648            Opinion of the Court                3

The Peruvian Tax Administration stated that it was examining each sibling's income tax in fiscal years 2016, 2017, and 2018 because each sibling had failed to declare taxes for income from foreign sources for those fiscal years and failed to submit documents required to correct the inconsistencies. It stated that each sibling owned a bank account at the banks and provided bank account numbers. It explained that, to determine if the Peruvian taxpayers had complied with their tax obligations, it was requesting reports of the bank account statements for these three years "where [each sibling] appears as a direct owner, or jointly . . . , or through intermediary entities, or as beneficial ownership, at the [named] financial entity" and reports of the "benefits obtained, and the withholding tax applied in the United States to [each sibling] . . . regarding the bank account."

A week after receiving the summonses, the Dyer Coriats filed petitions to quash the summonses on three grounds. *Id.* They asserted that the Service failed to identify a legitimate good-faith purpose and failed to comply with standards for issuing valid summonses, *United States v. Powell*, 379 U.S. 48 (1964). They argued that the summonses violated the tax treaty by seeking "private information which is precluded under Peruvian law without the Peruvian government complying with certain conditions precedent," under the Peruvian Constitution. And they asserted that the summonses "fail[ed] to identify the kind of investigation against [them]."

After the district court consolidated their petitions, the Service moved to dismiss the petitions for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The Service argued that it had acted in good faith, and the tax treaty obliged the Service to issue summonses on behalf of Peru without considering Peruvian law. The Service argued that it complied with the *Powell* factors and issued the summonses only after determining that the request was valid. The Service also argued that, because it acted in good faith, it was irrelevant whether the Peruvian Administration also acted in good faith. The Service attached to its motion declarations from Tina Masuda and Floyd Penn of the Service's Exchange of Information Program regarding the process the Service followed to issue the summonses.

The Dyer Coriats responded and agreed that the Service "ha[d] made its *prima facie* case for enforcement of the summons [under *Powell*] by filing a sworn affidavit by the investigating agent." But they maintained that the Peruvian Administration acted in bad faith, and the Service knew about the "long history of criminal corruption within Peru's government." The Dyer Coriats requested an evidentiary hearing to prove that the tax treaty "only permits Peru to request bank information if it complies with its Constitution" and argued that they could establish that the Service had issued the summonses for an improper purpose. They attached articles about corruption within the Peruvian government.

A magistrate judge issued a report and recommendation that the motion to dismiss be granted. The magistrate judge ruled

that the declarations by Service agents contained the necessary information to establish a *prima facie* case for the enforcement of the summonses and that the Dyer Coriats failed to present evidence that would support "even a slight inference" that the Service acted in bad faith. Because the Service's *prima facie* case was undisputed and unrebutted, the magistrate judge found that an evidentiary hearing was unnecessary. The Dyer Coriats objected that there was "significant evidence" that the Service did not issue the summonses in good faith and that an evidentiary hearing was needed to establish whether the summonses were overbroad as to Piero's bank records and would result in the production of irrelevant documents.

The district court adopted the report and recommendation, granted the motion to dismiss, and denied an evidentiary hearing. The district court determined that the Service acted in good faith. The district court ruled that the Dyer Coriats lacked standing to challenge the summonses as overbroad and that, even if they had standing, it would decline to address the challenge because it was raised for the first time in their objections despite having sufficient time to raise it in their response to the motion to dismiss.

We review an order enforcing a summons by the Service for clear error. *Presley v. United States*, 895 F.3d 1284, 1288 (11th Cir. 2018). To enforce a summons, the Service must establish that the investigation will be conducted pursuant to a legitimate purpose, the inquiry will be relevant to that purpose, the information sought is not already in the Service's possession, and it has taken the

administrative steps necessary to issue a summons. *Powell*, 379 U.S. at 57–58. If the Service satisfies its burden by presenting the affidavit of the agent who issued the summons, the burden shifts to the petitioner to disprove one of the four elements of the government's *prima facie* case or to persuade the district court that enforcement would constitute an abuse of process. *Id.* at 58.

The Dyer Coriats argue that the district court erred in denying them an evidentiary hearing to determine whether the Service knew that the Peruvian Administration made its request in bad faith, but we disagree. The Supreme Court has instructed that a "bare allegation of improper purpose does not entitle a taxpayer to examine [Service] officials." *United States v. Clarke*, 573 U.S. 248, 249 (2014). Instead, discovery or an evidentiary hearing is warranted only when the taxpayers "can point to specific facts or circumstances plausibly raising an inference of bad faith" by the Service. *Id.* at 254. "Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge." *Id.* Because the Dyer Coriats failed to allege facts giving rise to a plausible inference of improper motive by the Service and instead pointed only to the history of corruption within the Peruvian government, they failed to establish that an evidentiary hearing was needed to examine the Service agents, who they conceded established their *prima facie* case. *See id.*; *Powell*, 379 U.S. at 58; *Presley*, 895 F.3d at 1289 (We "may inquire as to only whether the [Service] issued a summons in good faith" (emphasis added, internal quotation marks omitted)).

Regarding their challenge to the scope of the summonses, the Dyer Coriats argue that they realized that the summonses were overbroad a few days before filing their objections, so the district court should have considered their argument. But we discern no error. The Dyer Coriats did not present this challenge to the magistrate judge, so the district court had broad discretion to refuse to consider it. *See Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009). And even if the Dyer Coriats had timely raised that argument, they failed to explain how they had standing to do so. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

We **AFFIRM** the dismissal of the Dyer Coriats' petitions to quash the summonses.