[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12401

Non-Argument Calendar

_____

FRANK CARTER, JR.,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cv-00797-LC-ZCB

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Petitioner Frank Carter, Jr., is a Florida state prisoner. Carter has filed in federal court a petition for a writ of habeas corpus alleging that his state conviction and sentence violate his federal constitutional rights. *See* 28 U.S.C. § 2254. As relevant for this appeal, Carter asserts in his habeas petition that his trial attorney performed ineffectively by failing to move for an evidentiary hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The district court dismissed Carter's *Daubert*-based claim as procedurally defaulted. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner typically must exhaust the relevant state's available post-conviction remedies before pursuing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner fails to raise and litigate a habeas claim in state post-conviction proceedings, that claim is unexhausted and thus cannot be pursued in federal court. *See Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). The *Daubert*-based claim first appeared in Carter's second state post-conviction petition, and the state courts dismissed that claim as procedurally defaulted. Accordingly, there is no doubt that the *Daubert*-based claim was procedurally defaulted under AEDPA.

In certain circumstances, however, a procedural default can be equitably excused. The Supreme Court held in *Martinez v. Ryan*

that a procedurally defaulted claim can nonetheless proceed if the procedural default was caused either by ineffective counsel in the earlier post-conviction proceeding or by the fact that "there was no counsel . . . in that proceeding . . . ." 566 U.S. 1, 17 (2012). Carter's state post-conviction petitions were all filed *pro se*. But the district court did not consider whether *Martinez* applied to Carter's *Daubert*-based habeas claim.

We granted a certificate of appealability limited to the following question: "Whether the district court erred in failing to consider *Martinez v. Ryan*, 566 U.S. 1 (2012), as a basis to excuse Carter's procedural default of [the *Daubert*-based claim] of his § 2254 petition?" The issue for our review is narrow. We do not decide today whether Carter's *Daubert*-based claim is meritorious. We do not even decide today whether *Martinez* excuses Carter's procedural default. Today, we decide only whether Carter's *pro se* filings in the district court were sufficient to raise a *Martinez* argument that should have been addressed below.

The district court did not err in failing to apply *Martinez* to Carter's *Daubert*-based claim because Carter waited too long to even attempt to raise a *Martinez*-style argument. The first time that Carter even arguably raised *Martinez* or otherwise argued for an excuse of the procedural default of the *Daubert*-based claim was when he filed objections to the magistrate judge's recommendation that the habeas petition be denied. By failing to argue the point earlier—i.e., when Respondent answered the petition and argued for denial on procedural default grounds—Carter forfeited the

procedural default issue. We have made clear that district courts are under no obligation to consider arguments raised for the first time in an objection to a magistrate judge's report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). And when a district court declines to address an untimely raised issue, that issue has been forfeited for appellate review. *Knight v. Thompson*, 797 F.3d 934, 937 n.1 (11th Cir. 2015) (citing *Williams*, 557 F.3d at 1291).

The district court's denial of Carter's habeas petition is **AFFIRMED**.