[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-13873

Non-Argument Calendar

————————————————

MATA CHORWADI, INC.,
d.b.a. Homing Inn,
KIRIT SHAH,
DIPIKA SHAH,

                                        Plaintiffs-Appellants,

*versus*

CITY OF BOYNTON BEACH,
GREGORY CAFARO,
In His Individual and Official Capacities,

                                        Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-81069-WPD

_____

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Mata Chorwadi, Inc., and its majority owners, Kirit and Dipika Shah—we'll refer to them collectively as "Chorwadi"—appeal the district court's award of taxable costs to the City of Boynton Beach. After careful review of the record and the parties' briefs, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying claims in this case involved a challenge under the First and Fourteenth Amendments to the City's enforcement of its nuisance code. The district court granted the City's motion for summary judgment on November 17, 2020, and we've since affirmed on the merits. *See Mata Chorwadi, Inc. v. City of Boynton Beach*, 66 F.4th 1259 (11th Cir. 2023).

After the summary judgment in its favor, the City moved to recover costs under Federal Rule of Civil Procedure 54(d)(1). The motion detailed a list of costs that included transcripts, copies, mail, mediation, parking, and approximately $12,000 of expert fees. The City argued these costs were taxable under 28 U.S.C. section 1920, except for the non-taxable mail, mediation, and parking expenses, which it nevertheless requested under Rule 54.

The district court referred the City's motion to the magistrate judge, who directed supplemental briefing on specific objections to any costs the City sought. Chorwadi's supplemental brief objected to every item on the City's bill of costs because the City violated the local rules by not making "good faith efforts" to resolve the costs dispute. The City's supplemental brief listed ways it had attempted to comply with the local rules' conferral requirements. The City reiterated its requests both for costs it claimed were taxable under section 1920 (including expert costs) and costs it acknowledged were not; it also attached exhibits with invoices to support its claims.

The magistrate judge recommended granting the City's motion in part. The judge read the local rules to require less stringent conferral requirements for taxable costs under section 1920 than for non-taxable costs, and he found the City had satisfied the requirements as to taxable costs—or alternatively that Chorwadi had waived objections to taxable costs by relying on a blanket objection. The magistrate judge categorized the City's $12,000 expert fee as a taxable cost, and recommended a total taxable cost award of $17,000.

Chorwadi raised three objections to the recommendation: (1) the City's motion was untimely under the local rule for taxable costs; (2) the magistrate judge erred in awarding the City's expert fees as a taxable cost; and (3) the magistrate judge clearly erred in finding the City had complied with the conferral requirement under the local rule for taxable costs.

The district court overruled Chorwadi's objections and adopted the recommendation.  As to the first two objections, the district court explained that it need not consider them because Chorwadi did not specifically raise them with the magistrate judge. As to the third objection, the district court agreed with the magistrate judge that the City met the conferral requirements for taxable costs under the local rules.  It thus ordered Chorwadi to pay the full $17,000 in taxable costs.  Chorwadi timely appealed.

## STANDARD OF REVIEW

We review cost awards for an abuse of discretion.  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Id*.  We also review for an abuse of discretion the district court's enforcement of its local rules.  *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).

## DISCUSSION

Chorwadi raises the same arguments here as it did in the objections to the magistrate judge's recommendation:  the City's motion was untimely under the local rule for taxable costs; the district court improperly awarded the City's expert fees as taxable costs when private expert fees are not taxable under section 1920; and

the district court erred in finding that the City complied with the conferral requirements in the local rule for taxable costs.[1]

As to Chorwadi's first two arguments on appeal, the district court did not abuse its discretion in declining to consider them because Chorwadi never raised them with the magistrate judge. After the magistrate judge directed supplemental briefing on the specific legal or factual objections to the costs the City claimed, Chorwadi's only specific objection was that the City failed to comply with the conferral procedures in the local rules. The district court thus didn't need to consider the other objections Chorwadi didn't present to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (holding that a district court need not address arguments "not presented to the magistrate judge").

Chorwadi responds that (1) the City moved only for non-taxable costs that were governed by one local rule, and (2) it thus couldn't have anticipated the magistrate judge would award the City taxable costs that were governed by a different local rule. But the City's motion and supplemental brief requested some costs it

---

[1] Chorwadi also argues the district court applied an incorrect standard by reviewing the magistrate judge's fact findings for clear error rather than de novo. But, although there's some boilerplate language in the district court's order about the standard for reviewing non-dispositive discovery matters—which this was not—the district court was clear that it conducted an "independent review" of the magistrate judge's recommendation and, after reviewing "the record," the district court agreed that it supported the magistrate judge's findings. There was no mention of "clear error" in this part of the district court's order.

claimed were taxable under 28 U.S.C. section 1920 (including expert costs) and some costs that it acknowledged were not. So it was no surprise to Chowardi that the City sought taxable costs and the magistrate judge recommended them and applied the local rule for taxable costs.

Nor did the district court abuse its discretion in concluding that the City complied with the conferral requirements for taxable costs. The record was undisputed that the City called Chorwadi to confer about the costs motion and to resolve any specific objections. Chorwadi told the City that it did not agree to any of the costs because the City failed to comply with the local rules. As the district court explained, no more was required to comply with the conferral requirement under the local rule for taxable costs. *See Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) ("We give great deference to a district court's interpretation of its local rules and review a district court's application of local rules for an abuse of discretion." (quotations and alteration omitted)).

**AFFIRMED.**