[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10935

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TANYA M. FOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:14-cr-00058-RBD-DAB-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal arises from the denial of Tanya M. Fox's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Upon review of the record and the parties' briefs, we affirm the district court's order.[1]

In 2014, Ms. Fox was found guilty of 26 counts of conspiracy to defraud the United States, wire fraud, theft of government property, and aggravated identity theft. The district court sentenced Ms. Fox to a total term of 240 months' imprisonment and 3 years of supervised release. Ms. Fox appealed her sentence. We affirmed but remanded for the limited purpose of correcting a clerical error in the judgment.

In November of 2020, Ms. Fox filed a *pro se* motion for compassionate release under § 3582(c)(1)(A). The district court denied the motion for failure to comply with the administrative

---

[1] In her brief, Ms. Fox requested appointment of counsel. *See* Br. of Appellant at 13. Ms. Fox has no constitutional or statutory right to counsel for a motion for compassionate release. *See United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (holding that "18 U.S.C. §3006A(c) does not provide a statutory right to counsel at a § 3582(c)(2) motion or hearing"). Because we do not find "exceptional circumstances" here, "such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner," Ms. Fox's request is denied. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotations omitted).

requirements of § 3582—specifically, 30 days had not lapsed from when Ms. Fox requested relief from the warden of her facility.

A few weeks later, Ms. Fox filed another *pro se* motion under § 3582(c)(1)(A). Ms. Fox sought a sentence reduction because she believed her medical conditions (hypertension, obesity, diabetes, sickle cell trait, and anemia) increased her "risk of severe illness and complications connected to COVID-19." D.E. 108-1 at 2. Ms. Fox also argued that the 18 U.S.C. § 3553(a) factors weighed in favor of a sentence reduction. The district court denied Ms. Fox's motion, finding that because she previously contracted COVID-19 and recovered, her medical conditions did not constitute an extraordinary and compelling reason for release. The district court further determined that "[e]ven if Ms. Fox had shown an extraordinary and compelling reason, the § 3553(a) sentencing factors and [18 U.S.C.] § 3142(a) dangerousness factors [did not] favor release." D.E. 111 at 3.

In February of 2021, Ms. Fox filed her third *pro se* motion for relief under § 3582(c)(1)(A). The motion was again based on her medical conditions and the risks posed by the COVID-19 pandemic. Ms. Fox added that "more contagious and virulent" strains of the virus were detected at the facility where she was incarcerated. *See* D.E. 112 at 1–2. The district court denied Ms. Fox's motion because "the sentencing and dangerousness factors do not favor her release – and the [s]econd [m]otion [for compassionate release] does not change the [c]ourt's calculus." D.E. 113.

By the end of that year, in December of 2021, Ms. Fox filed a renewed *pro se* motion for compassionate release—her fourth—again based on her medical conditions and the ongoing pandemic. Ms. Fox indicated that she was "still enduring long term effects from" contracting the COVID-19 virus, that she has 3 comorbidities "identified by the CDC as comorbidities which increase the risk of serious illness for those infected with COVID-19," that the relevant § 3553 factors favor a sentence reduction, and that if granted relief, she had a reentry plan. D.E. 114 at 1–2, 4. The district court denied Ms. Fox's motion, explaining that it had "already considered and rejected all of [her] arguments." D.E. 118 at 2. The district court ruled that there was no extraordinary and compelling reason for release—noting that Ms. Fox "provid[ed] no evidence indicating that she is not able to complete self-care, and she previously both contracted and was vaccinated against COVID-19"—and that the § 3553(a) factors "strongly disfavor a sentence reduction." *Id.*

We review a district court's denial of a motion for compassionate release for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021); *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021). A district court abuses its discretion when it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005).

As amended by the First Step Act, § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment, "after considering

22-10935            Opinion of the Court            5

the factors set forth in [§] 3553(a) to the extent they are applicable," if the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). We have held that "a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). Likewise, a district court does not "procedurally err when it denies a request for compassionate release based on the § 3553(a) sentencing factors (or § 1B1.13's policy statement) without first explicitly determining whether the defendant could present 'extraordinary and compelling reasons.'" *United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021).

Here, upon review of the record and the parties' briefing, we find that the district court did not abuse its discretion in concluding that Ms. Fox was not entitled to relief under the First Step Act.[2] To

---

[2] The government says that Ms. Fox's appeal was untimely under Federal Rule of Appellate Procedure 4(b), which provides a 14-day period to file a notice of appeal in a criminal case, because the district court denied Ms. Fox's motion on February 25, 2022, and Ms. Fox filed her notice of appeal 25 days later on March 21, 2022. *See* Br. of Appellee at 7. Ms. Fox's notice of appeal appears to have been untimely—though not as untimely as the government claims. The district court's order is dated February 24, 2022 and was entered on the docket on February 25, 2022. *See* D.E. 118. Ms. Fox's notice of appeal was stamped and received by the Clerk of Court on March 21, 2022, but was signed and dated by Ms. Fox on March 15, 2022. *See* D.E. 119. Because "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for

grant a sentence reduction, the district court must find three conditions are met: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *Tinker*, 14 F.4th at 1237–38. *See also Giron*, 15 F.4th at 1348. If all three requirements are satisfied, "the district court then has discretion—but not the obligation—to impose a new sentence." *Id.* at 1239. Accordingly, Ms. Fox must demonstrate not only that she met the three requirements to be eligible for a sentence reduction, but that the district court abused its discretion when it exercised its discretion to deny a sentence reduction. On this record, Ms. Fox has not made that showing.

At the time of her fourth *pro se* motion, Ms. Fox asserted that she was 46 years old, suffered from aggressive arthritis, hypertension, Type II diabetes, and obesity. Ms. Fox also indicated in her motion that she previously contracted COVID-19 and was also administered the vaccine against the virus. With respect to the § 3553(a) factors, Ms. Fox averred that her offense conduct, though serious, "involved neither weapons nor allegations of violence," that she had "no serious prior criminal history, and [had] been confined more than 7 years on this non-violent case." D.E. 114 at 4.

---

mailing," March 15, not March 21, would be the relevant date we would consider for Rule 4(b) purposes. *See Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009). This is still beyond the 14-day period but "the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case . . . is not jurisdictional," *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009), and the government has not moved to dismiss the appeal.

Even assuming there was an extraordinary and compelling reason for a sentence reduction, the district court was well within its discretion in concluding that the § 3553(a) factors weighed against a sentence reduction. *See United States v. Rodriguez*, No. 22-12883, 2023 WL 3620954, at *3 (11th Cir. May 24, 2023) ("Because that finding alone means that one of the necessary conditions for relief is missing—and thus Rodriguez's requested relief is foreclosed—we need not address whether he demonstrated an extraordinary and compelling reason for compassionate release."). The § 3553(a) factors include, for example, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need for the sentence imposed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a).

As the district court noted, it had already considered and rejected Ms. Fox's arguments made in her prior motions for compassionate release. The district court cited its December 22, 2020 order, D.E. 111, and its February 8, 2021 order, D.E. 113. In its December 22, 2020 order, the district court explained the following: "Ms. Fox has only served six of her twenty-year-sentence. Releasing her now is not justified, given the need for a sentence that reflects the seriousness of his [sic] offense, promotes respect for the law, provides just punishment, and affords adequate deterrence." D.E. 111 (internal citations omitted). The district court further explained that "Ms. Fox [had] not shown she no longer poses a danger to the community. Ms. Fox stole over $4 million from the United

States and the identities of over 3,000 people." *Id.* (internal citations omitted).  Neither this reasoning, nor reliance on it, was an abuse of discretion.  *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,] and [w]e will not substitute our judgment in weighing the relevant factors.") (internal quotations omitted).  *See also Tinker*, 14 F.4th at 1241 ("[A]n acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient").

Because Ms. Fox did not show that the § 3553 factors weigh in favor of a sentence reduction, we need not reach Ms. Fox's remaining arguments.  Accordingly, we affirm the district court's denial of Ms. Fox's motion for compassionate release.

**AFFIRMED.**